UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIDILIA CORTEZ,<br><br>Plaintiff<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 8:15-cv-940 (GJS)<br><br>**MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

This case involves only a small, technical Step 4 error: did the administrative law judge ("ALJ") err in a manner that prejudiced Cortez when he failed to ask the vocational expert ("VE") whether her testimony was consistent with the Dictionary of Occupational Titles ("DOT") where the identified past work of receptionist falls within the capabilities of someone who can perform the full range of light work? The answer is no. Because the ALJ's failure to ask the VE whether her testimony was consistent with the DOT was harmless, the Court affirms the Commissioner's decision.

## GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

Even if Cortez shows the ALJ committed legal error, "[r]eversal on account of error is not automatic, but requires a determination of prejudice." *Ludwig v. Astrue,* 681 F.3d 1047, 1054 (9th Cir. 2012). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Shinseki v. Sanders,* 556 U.S. 396, 409 (2009)). And "[w]here harmfulness of the error is not apparent from the circumstances, the party seeking reversal must explain how the error caused harm." *McLeod v. Astrue,* 640 F.3d 881, 887 (9th Cir. 2011).

Courts have "affirmed under the rubric of harmless error where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion." *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1055 (9th Cir. 2006). In sum, "ALJ errors in social security cases are harmless if they are 'inconsequential to the ultimate nondisability determination' and … 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (quoting *Stout*, 454 F.3d at 1055-56).

# DISCUSSION[1]

Cortez argues that the ALJ erred by not asking the VE whether her testimony was consistent with the DOT. The Commissioner all but agrees that an error occurred. For good reason: the Ninth Circuit has held that, "in light of the requirements of SSR 00-4p, an ALJ may [not] rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the *Dictionary of Occupational Titles.*" *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007); see Soc. Sec. R. ("SSR") 00-4p (explaining that "[w]hen a [vocational expert] … provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that [vocational expert] … evidence and information provided in the [*Dictionary of Occupational Titles* ]."). It takes only a cursory review of the transcript to determine that the parties are right that the ALJ did not ask the magic question.

This mistake does not necessarily entitle Cortez to benefits, or even a remand. Instead, this Court looks to see whether the error was harmless. *Molina*, 674 F.3d at 1115 ("We have long recognized that harmless error principles apply in the Social Security Act context"). In this context, that means asking whether a reasonable ALJ could find the VE's conclusion—that a person with Cortez's residual functional capacity ("RFC") could perform her past work as a receptionist—inconsistent with the DOT. The answer is no.

Put simply, Cortez misreads the RFC, as the below chart reflects (emphasis added):

---

[1] The Court presumes the parties' familiarity with the procedural history and the ALJ's opinion.

3

| ALJ's Opinion<br>[Admin. Rec. ("AR") 42.] | Plaintiff's Brief<br>[Dkt. 17 at 4.] |
|---|---|
| "I find that the claimant has the residual functional capacity to perform a **full range of light work** …" | "the ALJ determined that Lidilia Cortez has the residual functional capacity for a **reduced range of light work** …" |
| "She **is able** to perform simple repetitive tasks." | "**limited**, in relative part, **to performing** simple repetitive tasks." |

Cortez may be arguing, vaguely, that because an RFC "is not the least one can do but the most" [Dkt. 17 (citing SSR 96-8p)], the RFC statement that she "is able to perform simple repetitive tasks" is her maximum reasoning level. That reading is entirely unsupported by the ALJ's opinion, which credits no such a limitation in any doctor's opinion and, on its own plain language, says that Cortez can perform "a full range of light work[.]" [AR 42.] Rather, the ALJ concluded that Cortez had no "significant limitations" in social functioning, concentration, persistence, pace, or other mental issues, relying on Cortez's own testimony and the medical record evidence. [AR 40-41.] Cortez challenges none of these findings here.

Nor does Cortez point to a single, credited medical opinion supporting a limitation to simple, repetitive tasks. The ALJ gave little weight to the consultative psychological examiner's opinion that Cortez had a learning disorder, and thus was "limited to simple routine tasks[.]" [AR 41.] The ALJ also gave little weight to the state agency psychological consultant's opinion, because "the psychiatrist related that the claimant can sustain 'at least' simple repetitive tasks[, and] … a residual functional capacity assessment must reflect the most the claimant can do." [*Id.*] Cortez does not challenge these determinations here either. As a result, the Court must conclude that the ALJ did not limit Cortez to an RFC of "simple, repetitive tasks."

In sum, the Court refuses to adopt Cortez's wholly unsupported, unrealistic interpretation as limiting the ALJ's RFC of a "full range of light work" based on what appears to constitute ALJ dicta. Having concluded that the RFC permits a full range of light work, this Court "can confidently conclude that no reasonable ALJ …

4

could have reached a different disability determination" had the ALJ asked the magic question to the VE. *See Marsh*, 792 F.3d at 1173. There is no dispute that a person capable of performing the full range of light work could be a receptionist. [*See* Dkt. 17-1 (DOT description of receptionist reflecting strength limitation of "sedentary work").] And Cortez has pointed to no other reason why the VE's testimony would conflict with the DOT. Where, as here, "there is no evidence that the VE's testimony was inconsistent with the Dictionary of Occupational Titles ('DOT')," "the ALJ's failure to ask whether the VE's testimony was consistent with the DOT was harmless." *Perea v. Comm'r of Soc. Sec.*, 574 Fed. App'x 771, 771-72 (9th Cir. 2014). The Commissioner's decision is affirmed.

## CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is AFFIRMED and this action is DISMISSED WITH PREJUDICE; and

(2) Judgment be entered in favor of the Commissioner.

**IT IS HEREBY ORDERED.**

DATED: February 22, 2016

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE